2 CIT ESERVE / JURY DEMAND

Case: 4:20-cv-00266-SEP   Doc. #: 30   Filed: 06/24/19   Page: 1 of 11 PageID #: 6

FILED
DALLAS COUNTY
5/13/2019 12:00 AM
FELICIA PITRE
DISTRICT CLERK

Belinda Hernandez

CAUSE NO. DC-19-06786 _____

| | | |
|---|---|---|
| FRANCIS JAYE AND SEAN MADELMAYER, individually and on behalf of all others similarly situated, | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § § | I-162ND JUDICIAL DISTRICT |
| CRANE MERCHANDISING SYSTEMS, INC.; COMPASS GROUP USA, INC. D/B/A CANTEEN VENDING SERVICES, INC., | § § § § § | |
| DEFENDANTS | § § | DALLAS COUNTY, TEXAS |

## CLASS ACTION PETITION

NOW COMES the Plaintiffs, Francis Jaye and Sean Madelmayer (collectively "Plaintiffs," or "Jaye" and "Madelmayer"), individually and on behalf of all others similarly situated, by and through their attorneys, and for the causes of action against the Defendants, Crane Merchandising Systems, Inc. and Compass Group USA, Inc. d/b/a Canteen Vending Services, Inc., states as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because third-party plaintiffs seeks monetary relief over $100,000.

### CLAIM FOR RELIEF

2. In accordance with Texas Rules of Civil Procedure Rule 47(b), Plaintiffs seek damages in an amount within the jurisdictional limits of this Court. In accordance with Rule 47(c)

of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $1,000,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees.

## PARTIES

3. Plaintiff Francis Jaye is an individual residing in Dallas, Texas. The last three numbers of his social security number are 432 and the last three numbers of his Texas identification are 711.

4. Plaintiff Sean Madelmayer is an individual residing in Dallas, Texas. The last three numbers of his social security number are 494 and the last three numbers of his Texas identification are 532.

5. Crane Merchandising Systems, Inc. ("Crane") is a Delaware corporation with its principle place of business at 403 West Fourth Street North, Newton, IA 50208. Defendant Crane may be served with process by and through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Compass Group USA, Inc. d/b/a Canteen Vending Services, Inc. ("Canteen") is a Delaware corporation with its principal place of business at 2400 Yorkmont Road, Charlotte, NC 28217. Defendant Canteen may be served with process by and through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

7. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

8. The Court has personal jurisdiction over Defendant Crane because Crane purposely availed itself of the privilege of conducting activities in the state of Texas and established

minimum contacts sufficient to confer jurisdiction over Crane, and the assumption of jurisdiction over Crane will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiffs would show that Crane had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over Crane. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Crane to the state of Texas, thereby conferring specific jurisdiction with respect to Crane. Plaintiffs would show that Crane engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that Crane contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas and recruits or has recruited Texas residents for employment inside or outside of this state.

9. The Court has personal jurisdiction over Defendant Canteen because Canteen purposely availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over Canteen, and the assumption of jurisdiction over Canteen will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiffs would show that Canteen had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over Canteen. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Canteen to the state of Texas, thereby conferring specific jurisdiction with respect to Canteen. Plaintiffs would show that Canteen engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that Canteen contracted with a Texas resident and performance of the

agreement in whole or in part thereof was to occur in Texas and recruits or has recruited Texas residents for employment inside or outside of this state.

10. In accordance with TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), venue is proper in Dallas County, Texas because the acts or incidents occurred in whole or in part in Dallas County, Texas.

## FACTS

11. Defendants own and/or operate vending machines, some of which vending machines allow the customer to purchase the products being offered in the vending machine with credit cards or debit cards. Defendants do business in Dallas County, Texas and some of the transactions forming the basis of the claims made herein occurred in Dallas County, Texas.

12. Defendants offer the products in the vending machines to prospective purchasers at the one price per good displayed on the vending machines.

13. An ordinary and reasonable consumer would understand that the price listed on the vending machine for a particular good was the complete, total, and final price to be paid for the product.

14. When purchasing item(s) from Defendants' vending machines via credit or debit card, the transactions include additional hidden charges or fees which were not disclosed or displayed on the vending machine or at any time during the transaction. The purchasers are completely unaware of these additional unauthorized charges at the time of their purchases.

15. No receipts were given to consumers at the completion of a purchase.

16. Upon information and belief the actions of Defendants' detailed herein are continuing.

17. Defendants' are and were aware of these surreptitious and unauthorized charges.

18. On March 14, 2019, Plaintiff Jaye purchased various items from Defendants' vending machines using her debit card.

19. Plaintiff made purchases with her debit card at Defendants' vending machines throughout the City of Dallas, including:

    a.    Dallas Love Field Airport.

20. On April 24, 2019, Plaintiff Madelmayer purchased various items from Defendants' vending machines using his debit card.

21. Plaintiff made purchases with his debit card at Defendants' vending machines throughout the City of Dallas, including:

    a    Dallas/Fort Worth Airport.

22. At each vending machine referenced above, the prices for each product were clearly visible.

23. Defendants added an additional charge of approximately $0.10 per item purchased to each of Plaintiffs' purchases, which additional charges were collected from his debit or credit card account.

24. Upon information and belief, Defendants' vending machines accept cash and/or credit and debit cards.

25. There is only one price per good displayed on Defendants' vending machines and Defendants do not disclose that an additional charge will be added for all credit card or debit card purchases.

## **CLASS ALLEGATIONS**

26.     **Class Definition**: Plaintiffs bring this action pursuant to Rule 42 of the Texas Rules of Civil Procedure on behalf of themselves and classes of similarly situated individuals, defined as follows (hereinafter the "Classes"):

   A.   **Damages Class**: all individuals in the United States (i) that completed a purchase from a vending machine owned and/or operated by Defendants from November 21, 2015, and continuing through to the present; (ii) that paid for said purchase with a valid credit or debit card; and (iii) was charged, and paid for, any amount over the amount listed on the vending machine as the price of the item(s) sold; and

   B.   **Consumer Fraud Class**: all individuals in the United States (i) that completed a purchase from a vending machine owned and/or operated by Defendants from November 21, 2015, and continuing through to the present; (ii) that paid for said purchase with a valid credit or debit card; and (iii) was charged, and paid for, any amount over the amount listed on the vending machine as the price of the item(s) sold.

The following people are excluded from the Classes: (1) any Judge presiding over any aspect of this litigation and members of his or her family; (2) the Defendants and its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and its current or former officers, directors, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

27.     **Numerosity**: The exact number of each prospective Classes members is unknown to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, the Classes consist of at least approximately one to ten-thousand individuals. Members of the Classes can be identified through the Defendants' financial records and by self-identifying Class members through their own financial records.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following: (a) whether Defendants' conduct constituted a breach of contract; (b) whether Defendants' conduct constituted fraud; (c) whether Defendants were unjustly enriched; (d) the appropriate measure of damages and/or other relief; and (f) whether Defendants should be enjoined from continuing its unlawful and deceptive practices.

29. **Adequate Representation**: The Plaintiffs will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class action litigation. The Plaintiffs have no interests antagonistic to those of the Classes, and Defendants has no defenses unique to the Plaintiffs, individually. The Plaintiffs and counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiffs nor Plaintiffs' counsel have any interest adverse to those of the other members of the Classes.

30. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Classes is impracticable. The damages suffered by the individual members of the Classes are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would not be preferable to a class action because individual litigation would

7

increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## COUNT I:    BREACH OF CONTRACT

31.     Plaintiff members of the Damages Class re-allege and incorporate the allegations of Paragraphs 1 through 30 as though fully stated herein.

32.     Defendants offered to sell the products in its vending machines to consumers at the prices stated on the vending machines.

33.     Consumers, including the members of the Damages Class, accepted Defendants' offer to sell at the stated price by paying that stated price at the vending machine.

34.     Defendants were contractually required to sell the products so purchased at the stated price.

35.     Plaintiff members of the Damages Class performed their contractual obligations by paying the stated price for the products they purchased through their credit cards or debit cards.

36.     Defendants breached their contractual obligations by adding an additional charge to every credit card or debit card transaction without the prior knowledge or consent of the purchaser.

37.     Plaintiff members of the Damages Class suffered a resulting damage by being charged more than stated price for which they contracted.

## COUNT II:   UNJUST ENRICHMENT

38. Plaintiff members of the Damages Class hereby re-allege and incorporate Paragraphs 1-37 as though stated herein.

39. Defendants have been unjustly enriched by the pecuniary benefit received from the unauthorized charges paid by unsuspecting members of the Damages Class as described herein.

40. As a direct and proximate result of the unauthorized charges, the Plaintiff members of the Damages Class have been damaged while Defendants have profited.

41. It would be inequitable, unjust, and unfair for Defendants to retain the money it collected from the members of the Damages Class without authorization.

42. Defendants lacked any justification for keeping the unauthorized charges paid by the members of the Damages Class.

## COUNT III:  FRAUD

43. Plaintiff members of the Fraud Class hereby re-allege and incorporate Paragraphs 1-42 as though fully stated herein.

44. Defendants were responsible for the maintenance and operation of the vending machines from which members of the Fraud Class made purchases.

45. Members of the Fraud Class were not given notice of *any* charge, fee, or payment owed above or in addition to the price stated for the product on the vending machine.

46. The actual amounts charged to the credit cards and debit cards of the members of the Fraud Class were consistently over the displayed amount of the purchased good.

47. The amount of money paid on top of the indicated purchase price by members of the Fraud class was never refunded.

48. Members of the Fraud Class relied on the posted prices for goods in Defendants' vending machines when making their purchases.

49. Members of the Fraud Class expected to pay only the amount of the prices displayed in or on the Defendants' vending machines.

50. Each time a member of the Fraud Class made a purchase from a Defendants' vending machine, they were ultimately charged the incorrect amount, higher than the displayed price.

51. Defendants misrepresented the amount it was charging consumers.

52. Defendants fraudulently omitted the actual amount it was charging consumers.

53. Defendants intended that members of the Fraud Class make purchases at vending machines it owned or serviced.

54. Defendants intended members of the Fraud Class to make purchases by relying on its omission that additional charges would be charged on credit card and debit card purchases.

55. Members of the Fraud Class suffered damages each time they made purchases at Defendants vending machines intending to pay only the amount displayed on the machine.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiffs, on behalf of themselves and the putative members of the Damages Class and the Fraud Class as defined herein, prays for the following relief:

A. For an Order Certifying the Classes as defined above, appointing Plaintiffs Jaye and Madelmayer as representatives of the Classes and appointing Plaintiffs' counsel as Class Counsel;

B. For an award of damages in favor of the Plaintiffs and the Classes and against Defendant Crane in an amount to be determined at trial but no less than greater than one-hundred

thousand dollars ($1000,000.00) plus fees and costs, and any further relief this Court deems appropriate.

C. For an award of damages in favor of the Plaintiffs and the Classes and against Defendant Canteen in an amount to be determined at trial but no less than greater than one-hundred thousand dollars ($100,000.00) plus fees and costs, and any further relief this Court deems appropriate.

C. For injunctive relief, enjoining Defendants from charging additional undisclosed amounts for purchases from its vending machines.

                                                      Respectfully submitted,

                                                      _____
WILLIE C. BRISCOE
State Bar Number 24001788
**THE BRISCOE LAW FIRM, PLLC**
12700 Park Central Drive, Suite 520
Dallas, TX  75251
Telephone: 972-521-6868
Facsimile: 281-254-7789
wbriscoe@thebriscoelawfirm.com


Vivek Jayaram, Esq.
Bret Manchel, Esq.
Jayaram Law, Inc.
125 S. Clark Street, 17th Floor
Chicago, IL 60603
Telephone: (646) 325-9855
vivek@jayaramlaw.com